WOODRUFF (McDONALD v.). See Case No. 8.770.

WOODRUFF (NELSON v.). See Case No. 10,117.

WOODRUFF (SARGENT MANUF'G CO. v.). See Case No. 12.368.

WOODRUFF (SPAFFORD v.). See Case No. 13,198.

WOODRUFF (TIERNAN v.). See Cases Nos. 14,027 and 14,028.

WOODRUFF (UNITED STATES v.). See Case No. 16,758.

## Case No. 17,989.

### Ex parte WOODRUFF and COBB.

[3 App. Com'rs Pat. 262.]

Circuit Court, District of Columbia. Jan. 12, 1860.

PATENTS — PRIORITY OF INVENTION — EFFECT OF CAVEAT.

[1. When a caveat is not general enough in its terms to cover a principle or a class, but is pre-

cise and definite in every detail of an agreement and combination of parts, which are severally familiar, and the patentability of the invention depends on the particular combination alone, the caveator cannot, after applying for a patent not varying in any respect from the caveat, claim that the caveat protected anything more.]

[2. A caveat will protect only one of several distinct patentable subjects falling within its general scope, though in connection with other circumstances it may furnish strong proof of his claim to priority in another invention in the same line.]

MERRICK, Circuit Judge. The appeal in this cause is from a decision of the commissioner of patents awarding priority of invention to Zenos Cobb, patentee, over T. T. Woodruff, applicant for an improvement in convertible seats or couches for railroad cars. The only point presented by the reasons of appeal and the commissioner's response to those reasons is the question of priority of invention. Whether in the present state of the mechanic arts, in view of numerous contrivances for reclining seats and convertible couches as used in railroad cars or elsewhere, there be any patentable novelty in the devices now under consideration, I have not been directly called upon to determine, and therefore I prefer to pass over that question, which seems to have been conceded to the parties by the office, inasmuch as the conclusions I have reached upon the question of novelty will probably occasion a contest before the courts, when this enquiry can be more satisfactorily made than upon the record as now made up before me.

To prove the date of his invention, Woodruff relies upon a caveat filed by him in the office in the month of February, 1857, reversed in 1857, renewed in 1858, as containing the devices in question, and also upon the testimony of two witnesses. Cobb stands entirely upon the date of his application dated June 8th, 1858. The precise device caveated by Woodruff in 1858, was patented to him May 31st, 1859, in the very words of the caveat, and, if his present invention is so embraced by the caveat, it would seem to follow that the patent, being in the same words as the caveat, must necessarily cover and protect his present claim, and that it is therefore not the subject of a separate patent. To avoid this consequence, the applicant contends that a larger interpretation is to be given to a caveat than to a patent, in order to cover a party's claim to priority of invention if he subsequently matures anything patentable to which the caveat may be construed to apply. With whatever force such argument might operate where a caveat is in general terms, describing an object imperfectly contemplated and not yet reduced to precise shape, yet when the caveat is not general in its terms, so as to cover a principle or a class, but is precise, definite, and minute in all the detail of arrangement and combination of parts which severally are familiar, and for the accomplishment of a principle of no special novel-

ty, and standing on the particular combination alone for its patentability, the office has no suggestion from the caveat of anything beyond what is described in it, and when the party follows up that caveat by a patent, without any variation therefrom, he himself would seem to be estopped from saying that the caveat protected anything more. Unless it should be held that one caveat may cover two or three or an indefinite number of distinct inventions, which I am not aware has ever been asserted successfully.

I presume the most that could be said for a caveat is that it will directly protect only one of several distinct patentable subjects falling within its general scope at the election of the party inventing them, although indeed, connected with other circumstances, it may furnish strong adminicular proof in favor of his claim to priority from the other over another invention in the same line. This leads me to consider the position taken by the office, that the caveat is proof that the party had invented nothing else than what he has described in his caveat. Standing by itself, of course, the caveat furnishes, as I have already intimated, no proof in favor of the caveator upon his other concurrent invention, but when that other invention is so very close to the first as to occasion a doubt whether it might not be considered as one of the several modes in which the inventor contemplated the application of the principle by which his machine may be distinguished from other inventions, this very small additional proof will be potential in determining the contemporaneous date of his second invention. In the present case I find in the testimony of the witnesses, considering the very close resemblance between the pending application and that described in the caveat, enough to satisfy my mind that Woodruff had developed fully in his own mind the invention covered by his present application as early as December, 1856, and that he fully described it to others in such manner that any one skilled in the business could from that description construct the device in question long before the invention of Cobb, and that he set about embodying that description in a working model certainly nearly as early as February, 1858, and that all the essential parts were completed before Cobb's, and the whole perfected, with reasonable diligence by the month of October, 1858, which perfecting with reasonable diligence being by relation carried back to the commencement of the model, if not to the very date of the proclamation of the matured idea, is sufficient to show that by many months Cobb was anticipated. I refer particularly to the answer of the witness Dykeman to 24th, 25th, and 26th interrogatories in chief, 9th and 10th cross and 28th direct, and the answer of George J. Woodruff to 6th, 7th, 8th, and 9th interrogatories in chief. The suspicions to which this testimony would be obnoxious,

standing alone, is relieved by the conclusive proof furnished by the caveat, and the two prior patents of Woodruff, of December 21st, 1856, that he already occupied a large space in this particular field of invention, and that he for this reason is not to be distrusted as a pirate of other people's ideas.

Now, for the reasons aforesaid, ·I hereby certify to the Hon. William D. Bishop, commissioner of patents, that having assigned the 15th of December for hearing said appeal, and having, at the request of both parties, postponed the hearing until the 6th of January, they were both present and argued the case by oral and written arguments, and having fully considered the premises, I am of opinion that there is error in the decision of the office in awarding priority of invention to Zenos Cobb, and said judgment is hereby reversed, and priority of invention is hereby adjudged in favor of T. T. Woodruff, and a patent is directed to be issued to said Woodruff as prayed.